WINKLER, Appellant,

v.

WINKLER, Appellee.

[Cite as *Winkler v. Winkler* (1991), 81 Ohio App.3d 199.]

Court of Appeals of Ohio,
Wayne County.

No. 2648.

Decided Nov. 6, 1991.

*Robert W. Blakemore,* for appellant.
*Karin C. Connolly,* for appellee.

REECE, Judge.

Plaintiff-appellant, Edgar C. Winkler, appeals from the trial court's judgment finding him in contempt for his failure to pay alimony as previously ordered by the court. Edgar and defendant-appellee, Constance S. Winkler, were divorced on February 28, 1990. Pursuant to a separation agreement, which was incorporated into the divorce decree, Edgar was to pay regular alimony to Constance through the Wayne County Bureau of Support.

In April 1990, the bureau of support moved to have Edgar show cause why he should not be held in contempt for failing to pay the alimony. This resulted in a consent entry being filed on June 11, 1990. In this entry, Edgar stipulated that he was in contempt by his failure to pay the alimony and agreed to a ten-day sentence. The parties further agreed that the sentence be suspended on the condition that Edgar pay $1,000 per week until the alimony arrearage was eliminated. While Edgar initially made these payments, nothing has been paid since September 1990.

On November 29, 1990, the bureau of support moved to have Edgar show cause why the suspended sentence should not be imposed. A hearing was held before a referee on January 14, 1991. The referee, relying on the prior consent entry as an admission of contempt by Edgar, recommended that the ten-day sentence be reimposed. The trial court adopted the referee's recommendations on March 13, 1991. On appeal, we reversed this judgment, finding

that the trial court had failed to conduct an evidentiary hearing to consider Edgar's inability to pay the alimony. See *Winkler v. Winkler* (Aug. 7, 1991), Wayne App. No. 2630, unreported, 1991 WL 151023.

■ On April 2, 1991, a second motion for contempt was filed against Edgar by the bureau of support. Following a hearing, held on May 15, 1991, the court found Edgar in contempt and ordered that he serve thirty days in jail. Edgar appeals this judgment raising one assignment of error.

## ASSIGNMENT OF ERROR

"An individual may not receive a jail sentence for failing to maintain court proscribed [*sic*] alimony payments to his former spouse where he has demonstrated a bona fide inability to pay."

In this case, the trial court found Edgar in contempt without specifying under what authority it was acting. Therefore, it is necessary to determine whether Edgar was dealt with under the court's civil or criminal contempt powers.

It has been stated that "[s]entences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court." *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 15 O.O.3d 221, 223, 400 N.E.2d 386, 390. Criminal contempt "is usually characterized by an unconditional prison sentence." *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 139, 15 OBR 285, 287, 472 N.E.2d 1085, 1088. By contrast, "civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court." *Kilbane, supra,* 61 Ohio St.2d at 205, 15 O.O.3d at 223, 400 N.E.2d at 390. In civil contempt the " 'contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered.' " *Pugh, supra,* 15 Ohio St.3d at 139, 15 OBR at 287, 472 N.E.2d at 1088 (quoting *Brown v. Executive 200, Inc.* [1980], 64 Ohio St.2d 250, 253, 18 O.O.3d 446, 448, 416 N.E.2d 610, 612–613).

■ In the case *sub judice,* the trial court found Edgar in contempt for his "willful non-compliance of the previous orders of the Court." Edgar was sentenced to a fixed jail term of thirty days. While bond was originally set at $25,780 pending appeal, the exact amount of the alimony arrearage, at no time did the court state that the thirty-day sentence would be suspended by the payment of this amount. Based on these facts, the purpose behind the court's sanction was not to coerce Edgar to pay his alimony obligation, but rather to punish him for past violations of the court's order. Therefore, we must conclude that the court was exercising its criminal contempt authority pursuant to R.C. 2705.02(A), which states:

"A person guilty of any of the following acts may be punished as for a contempt:

" * * *

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

Once the contempt power is classified as criminal, the contemnor is entitled to those rights and constitutional privileges afforded a defendant in a criminal action. *Schrader v. Huff* (1983), 8 Ohio App.3d 111, 112, 8 OBR 146, 147, 456 N.E.2d 587, 588. The most important of these are the contemnor's right to due process and to have the complainant prove the contempt beyond a reasonable doubt. There is no question that Edgar was afforded his due process rights. He was given notice as to the charge against him and was permitted to present his defense. The only issue is whether, upon the facts, the court could conclude that Edgar was intentionally and willfully in violation of the court's order beyond a reasonable doubt. Edgar points out that under Ohio law "a person charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order." *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 334, 16 OBR 377, 383, 475 N.E.2d 1284, 1290.

At trial, Edgar testified that he had no assets and was not then employed. He also presented evidence that he filed a bankruptcy petition in March 1991 and named several employers to which he had applied for employment. Additional evidence was presented that over the prior eight months, since September 1990, Edgar had failed to pay any money in alimony. During the same time, by this own admission, he had only once communicated with the bureau of support. The issue is, based on the evidence in this case, whether Edgar demonstrated his inability to comply with the previous orders of the court.

In exercising its criminal contempt powers, the court determined that Edgar had "purposely tried to frustrate" the orders of the court. The court concluded, based on his work experience and education, that Edgar could find some type of employment which would allow him to pay some money toward his alimony obligation. The court also noted that Edgar had made no attempts to explain his financial situation to the bureau of support and that not even a partial payment had been made since September 1989. Based on these facts, the court concluded that Edgar had willfully and intentionally disobeyed and resisted the previous orders of the court. Therefore, pursuant to the authority of the court under R.C. 2705.02(A) and 2705.05(A)(1), the court sentenced Edgar to a fixed term of thirty days for a first offense.

In summary, the issue is not whether Edgar could have paid the required alimony. The issue is whether Edgar attempted in good faith to comply with the existing court order. The evidence demonstrated a lack of effort on Edgar's part. While full compliance with the court order might not have been possible, Edgar must make a good-faith effort. Having failed to show the court he was making such an effort, the court was within its authority in finding him in contempt.

Accordingly, Edgar's assignment of error is overruled and the judgment of the court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.