DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rodney H. Musselman, appeals from a judgment of the Wayne County Court of Common Pleas finding him in contempt for his failure to comply with the support orders of the court. We affirm.
 I. {¶ 2} Appellant and Heidi Bair, formerly Heidi Musselman, were married in 1988. They had one child during their marriage. On May 19, 1992, the marriage was dissolved by order of the Wayne County Court of Common Pleas. Pursuant to the separation agreement entered into by the parties, as amended, Appellant was ordered to pay child support in the amount of $229.67 per month.
 {¶ 3} On May 21, 2001, the trial court increased the monthly child support payments, ordering Appellant to pay $389.00 per month, effective March 5, 2001. On January 2, 2002, Appellee, the Wayne County Child Support Enforcement Agency ("Agency") filed a motion with the trial court requesting a review of the regularity of child support payments. Following the review, the court ordered Appellant to supply the Agency with bank account information for purposes of a withholding order or, in the alternative, provide the Agency with details of new employment other than self-employment.
 {¶ 4} On August 5, 2002, the Agency filed a motion for contempt, alleging that Appellant had failed to comply with the court's May 21, 2001 order to pay $389 per month. Appellant subsequently brought his arrearages current. The contempt motion was withdrawn on January 7, 2003, on the conditions that Appellant post a cash bond of $3,000 with the Agency within 60 days, and that, within ten days, he supply the Agency with bank account information for withholding purposes. On March 18, 2003, the Agency filed a motion to reopen the contempt proceedings, alleging that Appellant had failed to comply with the court's orders to post a $3,000 bond and supply the bank account information.
 {¶ 5} At a May 5, 2003 hearing on the motion, a magistrate heard unsworn statements from Appellant and his counsel, as well as from Ms. Bair and a legal intern representing the Agency. On May 6, 2003, the magistrate issued his report and proposed that Appellant be found in contempt and sentenced to 30 days in jail. The trial court adopted this proposed decision the following day. Appellant filed objections to the magistrate's decision. The trial court overruled each of them, and ordered Appellant to report to the Wayne County Jail to begin serving the 30-day sentence on June 27, 2003.
 {¶ 6} Appellant timely appealed, asserting two assignments of error.
 II. {¶ 7} As an initial matter, we note the applicable standard of review. A trial court's finding of contempt will not be reversed absent an abuse of discretion. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable."State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6657, at ¶ 75, citing State v. Adams (1980), 62 Ohio St.2d 151, 157. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
First Assignment of Error
"The trial court abused its discretion in failing to give the appellant, Rodney H. Musselman, the opportunity to purge himself of his contempt prior to the imposition of the thirty day jail term."
 {¶ 8} In his first assignment of error, Appellant maintains that he was entitled to an opportunity to purge himself of the contempt prior to the imposition of the jail sentence. This argument is premised upon Appellant's contention that the contempt action against him was civil in nature. We disagree with this contention.
 {¶ 9} Contempt of court is "`conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede, or obstruct a court in the performance of its functions.'" Denovchek v. Trumbull Cty. Bd. Of Commrs. (1988),36 Ohio St.3d 14, 15, quoting Windham Bank v. Tomaszczyk
(1971), 27 Ohio St.2d 55, 56. Contempt may be categorized as civil or criminal, depending on the character and purpose of the contempt sanctions. In re Purola (1991), 73 Ohio App.3d 306,311.
 {¶ 10} Civil contempt sanctions are designed for remedial or coercive purposes and are for the benefit of the complainant.State ex rel Corn, (2001), 90 Ohio St.3d 551, 555, citingShillitani v. United States (1966), 384 U.S. 364, 370; Brownv. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. Under civil contempt, prison sentences are usually conditional, affording the contemnor an opportunity to purge himself of his contempt." The contemnor is said to carry the keys of his prison in his own pocket, since he will be freed if he agrees to do as so ordered." Id. (Internal citation omitted.)
 {¶ 11} In contrast, criminal contempt sanctions are not coercive, but punitive in nature. They are intended to punish past affronts to the court, and to vindicate the authority of the law and the court. Corn, 90 Ohio St.3d at 555, citingDenovchek, 36 Ohio St.3d 14. Criminal contempt is "usually characterized by an unconditional prison sentence," not affording the contemnor an opportunity to purge himself of his contempt.Brown, 64 Ohio St.2d at 254.
 {¶ 12} A significant consequence flows from the categorization of contempt proceedings as criminal: "the contemnor is entitled to those rights and constitutional privileges afforded a defendant in a criminal action." Winklerv. Winkler (1991), 81 Ohio App.3d 199, 202. Included among those rights and privileges are due process and the reasonable doubt standard of proof. Id.
 {¶ 13} Because the trial court found Appellant in contempt without specifying under what authority it was acting, we must determine whether it exercised its civil or criminal contempt powers. Appellant argues that the party most offended by the violation of child support orders is the person in whose favor the orders were made, and not the court that made the orders. Therefore, Appellant reasons, because the contempt proceedings against him stem from his failure to comply with child support orders, they must be treated as civil in nature. The distinction between civil and criminal contempt does not, however, turn upon the relative degrees of injury experienced as a result of a contemnor's actions. As explained above, we must examine the purpose and character of the sanctions in order to determine which category of contempt the trial court applied.
 {¶ 14} Repeatedly emphasizing that it "had been very patient with [Appellant]" in the past, the trial court sentenced Appellant to a fixed, unconditional jail term of thirty days. The court did not provide that this sentence would be suspended by Appellant's compliance with its prior orders. These details reveal that the purpose behind the sanction was not to coerce Appellant to comply with the orders, but rather to punish Appellant for past violations of the court's orders. Therefore, we must conclude that the court was exercising its criminal contempt authority, as it was entitled to do under the facts of this case. See Winkler, 81 Ohio App.3d 199. Accordingly, Appellant was not entitled to an opportunity to purge his contempt prior to the imposition of the jail sentence.
 {¶ 15} Appellant next maintains that, if the contempt proceedings against him were criminal in nature, the trial court's finding of contempt is in violation of his due process rights. Citing Samantha N. v. Lee A.R. (Feb. 16, 2001), 6th Dist. Nos. E-00-036, E-00-037, Appellant contends that the trial court made its ruling" without sworn testimony or the presentation of evidence, but * * * by representations of counsel for the [Agency]," and that he was thereby denied due process.
 {¶ 16} Appellant's reliance on Samantha N. is misplaced. In that case, the trial court denied the alleged contemnor's request to have his counsel present at the contempt hearing, while permitting the Erie County Child Support Enforcement Agency to prove its case through the representations of its counsel. Id. at 9. The Sixth District Court of Appeals determined that in so doing, the trial court failed to afford the alleged contemnor his full due process rights. Id.
 {¶ 17} The record reflects that, in contrast to the appellant in Samantha N., the Appellant in the instant case was permitted to present his defense at the contempt hearing with the assistance of counsel. While it is true that the statements heard by the trial court were unsworn, the transcript of the hearing contains no indication that Appellant presented any objections on this point. Lastly, the record simply does not support Appellant's contention that the trial court made its ruling based solely upon the representations of the Agency's representative. The record reveals that the court also heard statements from the Appellant, his attorney, and Ms. Bair. Appellant's first assignment of error is overruled.
Second Assignment of Error
"The trial court abused [its] discretion in finding appellant, Rodney H. Musselman, in contempt, when the evidence established his inability to pay or comply with the order of the court."
 {¶ 18} In his second assignment of error, Appellant maintains that he should not have been found in contempt, because he established his inability to comply with the trial court's orders to post a $3,000 bond and set up a bank account for payment of future support. We disagree.
 {¶ 19} As Appellant points out, "a person charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order." Courtney v.Courtney (1984), 16 Ohio App.3d 329, 334. The person seeking to establish this defense of impossibility bears the burden of satisfying the court that his failure to obey was due to his inability to render obedience. Purola,73 Ohio App.3d at 313-314.
 {¶ 20} At the contempt hearing, the Agency's representative stated that, as of the date of the hearing, Appellant had neither posted the $3,000 bond nor provided the required bank account information. In response, Appellant's counsel did not deny that Appellant had failed to take these actions, but maintained that Appellant was unable to do so due to a lack of income. Appellant's counsel explained that the proceeds from the sale of Appellant's business served as his only source of income. According to the counsel, as of the date of the hearing, the buyers of the business had failed to make three monthly payments in a row.
 {¶ 21} Ms. Bair stated that Appellant told her he was unable to find a job, and that he was unwilling to accept certain low-paying jobs, as they were "beneath him." Appellant denied stating that any jobs were beneath him, but explained that, since he was providing child care for his family, it would not be financially rational for him to accept a low-paying job and pay someone else to care for his children. He maintained that he had been seeking employment, but that he was having a difficult time securing a job because he had been self-employed for 15 years and had not completed a college degree.
 {¶ 22} After hearing these statements, the trial court concluded that Appellant was "most definitely avoiding his responsibility." The court determined that the sale of his business did not consume so much of Appellant's time so as to prevent him from "being employed in some other fashion." Noting Appellant's explanation of his reluctance to accept a low-paying job, the court explained that "[e]ven a $6 an hour job would at least pay partial support and since [Appellant] would no longer be self employed, there may be the relief sought amending the requirement for the cash bond."
 {¶ 23} The trial court's determinations reflect that Appellant failed to make a good faith effort to comply with its support orders. By failing to show the court that he was making such an effort, Appellant failed to demonstrate his inability to comply with those prior orders. See Winkler,81 Ohio App.3d at 202-203. Therefore, the court did not abuse its discretion by finding Appellant in contempt. Appellant's second assignment of error is overruled.
 III. {¶ 24} Appellant's two assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., Batchelder, J., Concur.