DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Jerald A. Humiston has appealed from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that denied his motion to modify child support and found him in contempt of court. This Court affirms.
 I {¶ 2} Appellant and Plaintiff-Appellee Melissa Humiston were married in 1995. Two children were born issue of the marriage. During their marriage, Appellant was employed as a telemarketer for a mortgage refinancing company, and also worked as a car salesperson. Through these employment avenues, Appellant was able to earn in certain years as much as $90,000 in gross income.
 {¶ 3} In 2002, Plaintiff-Appellee filed a complaint for divorce from Appellant. Thereafter, Appellant filed a counterclaim for divorce. In that year, Appellant worked for Continental Mortgage Services earning slightly less than $20,000 per year. At the time of the divorce filing, Appellant was employed as a telemarketer for a mortgage refinance company earning approximately $20,000 per year. Appellee was unemployed during these time periods.
 {¶ 4} The court issued a temporary order of support, which mandated that Appellant pay, effective March 8, 2002, temporary child support in the amount of $500.30 per month, per child, for each of their minor children born issue of the marriage. Additionally, the court ordered $1,600 per month in temporary spousal support. The court derived this support figure by using Appellant's annual gross income of $63,000. The parties agreed to employ $63,000 to represent Appellant's annual earning ability, based upon income that he earned during the marriage.
 {¶ 5} On August 8, 2002, Appellee filed a motion to show cause to hold Appellant in contempt for failing to pay child and spousal support. In September 2002, Appellant filed a motion to modify the temporary order of support, asserting that he only earned $13,815.98 in gross income in the year 2002. On December 16, 2002, Appellant filed with the trial court a motion to enforce a settlement agreement in which the parties agreed to reduce monthly child support to $500 per child, and spousal support to $400 per month. A hearing was scheduled for February 2003 to hear Appellant's motion to modify and Appellee's motion to enforce the settlement. In the meantime, on January 23, 2003, Appellee filed another motion to show cause to hold Appellant in contempt, reiterating Appellant's failure to abide by the temporary support order, and also asserting a new complaint that Appellant has failed to provide health insurance for the children.
 {¶ 6} On March 26, 2003, the court issued an agreed judgment entry, which reflected that Appellant consented to a contempt finding, and imposed a sentence subject to the opportunity to purge the contempt by staying current on support payments for six months. The entry also ordered Appellant to seek employment sufficient to meet all current and future support obligations. Subsequently, the court issued a judgment entry approving the parties' settlement agreement, making the agreed support amounts effective November 2002. Meanwhile, Appellee had filed for bankruptcy. Therefore, in this entry, the court also stayed all proceedings pending the disposition of Appellee's bankruptcy proceedings.
 {¶ 7} On September 2, 2003, after Appellee's discharge in bankruptcy, the court issued an agreed journal entry of divorce. The entry reflected the parties' agreement that Appellant would pay $550 per month per child in child support, and $400 per month in spousal support. These amounts were once again based on Appellant's gross annual income figure of $63,000. The court also established that Appellant owed $15,229.04 in arrearages, not merging the amount into the entry but noting that it remains due and owing.
 {¶ 8} On September 17, 2003, the court found the Appellant had purged the earlier contempt finding. Approximately one month later, however, Appellee filed another motion for contempt for failure to pay spousal and child support as ordered in the agreed journal entry of divorce. On December 4, 2003, Appellant filed a motion to modify child support to reduce his child support obligation based on a claim of changed circumstances. Appellant maintained that he was entitled to a modification in child support payments because on December 1, 2003, he left the commissioned sales telemarketing business and took a full-time position working with MBNA Marketing Systems, making an annual salary of only $25,000.
 {¶ 9} A magistrate heard the matter, and on March 10, 2004, issued a decision that concluded that Appellant was not in contempt, and granted Appellant's motion to modify support, based upon a finding of a change in circumstances due to change of employment and salary. The magistrate specifically found that Appellant experienced a marked decrease in salary from $63,000 to $25,000 and noted that Appellant had made attempts to return to automobile sales which were unsuccessful. The magistrate also concluded that Appellee failed to meet her burden of proof on her claim that Appellant was underemployed, and recommended a monthly child support payment of $292.50 per child. The magistrate further found, that, due to its finding of a "significant change in circumstances," he could not find Appellant in contempt of the divorce entry.
 {¶ 10} On March 23, 2004, Appellee filed objections to the magistrate's decision, asserting that Appellant should have been found in contempt, and contesting the child support modification. Appellee maintained that the evidence did not support a finding that Appellant was appropriately employed, and that therefore, the magistrate's child support calculation was inaccurate. The court held a hearing on the objections but did not take additional evidence or testimony.
 {¶ 11} On August 25, 2004, the court issued a judgment that found that Appellant had failed to demonstrate a substantial change in circumstances, reasoning that Appellant failed to demonstrate a change in his income since the divorce in 2003 that would ultimately affect the calculation of his gross annual income for child support purposes. Thus, the trial court impliedly denied Appellant's motion to modify child support. The court also found that Appellant failed to offer any compelling reasons for his failure to abide by the divorce entry support payment orders, and accordingly, found him in contempt of court. The court imposed a ten-day jail sentence subject to the opportunity to purge the contempt, and ordered Appellant to pay his monthly child and spousal support obligations, and to also seek employment that would allow him to meet his obligations and to report to the court with his progress in this respect.
 {¶ 12} Appellant timely appealed from this order, asserting two assignments of error for review. We address the assignments of error together, to facilitate review.
 II Assignment of Error Number One
"THE TRIAL COURT MISCONSTRUED THE EVIDENCE AND BASED ITS DECISION ON FAULTY CONCLUSIONS IN THAT THE COURT FOUND AN ABSENCE OF CHANGE IN CIRCUSTANCE FOR MODIFICATION OF CHILD SUPPORT WHEN APPELLANT'S CHILD SUPPORT BASIS OF INCOME CHANGES FROM $63,000 TO $25,000 IN DECEMBER 2003. THIS CONSTITUTED AN ABUSE OF DISCRETION."
 Assignment of Error Number Two
"THE TRIAL COURT ABUSED ITS DISCRETION IN REVERSING THE MAGISTRATE'S DECISION TO MODIFY CHILD SUPPORT AND TO REFUSE TO FIND APPELLANT IN CONTEMPT WITHOUT EVIDENCE TO SUPPORT THE REVERSAL AND BY IMPUTING INCOME TO APPELLANT AS THOUGH VOLUNTARILY UNDEREMPLOYED WITHOUT EVIDENCE TO SUPPORT SUCH A FINDING."
 {¶ 13} In his first assignment of error, Appellant has contended that the trial court abused its discretion when it found an absence of change in circumstances and refused to modify his child support payment amounts. Essentially, Appellant has argued that his attainment of a new job on December 1, 2003 making $25,000 should be considered a change in circumstances substantial enough to warrant a downward deviation from his child support payments. In his second assignment of error, Appellant has continued to argue that the trial court abused its discretion in refusing to modify his child support obligation, but also has raised a cursory argument regarding the contempt finding. Appellant's contentions lack merit.
 {¶ 14} A decision regarding the modification of child support will not be disturbed absent an abuse of discretion by the trial court. Booth v.Booth (1989), 44 Ohio St.3d 142, 144. A contempt finding is also reviewed for an abuse of discretion. See In re Musselman, 9th Dist. No. 03CA0032,2004-Ohio-833, at ¶ 7, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11. An abuse of discretion suggests more than an error of law or judgment, but instead implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 15} A party moving for the modification of child support must prove "a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order." R.C. 3119.79(C). In this case, the parties entered into an agreement to provide for child and spousal support. The agreement was based upon a historical analysis of Appellant's earnings during the marriage. In 2002, Appellant earned less than $20,000, and earned slightly more than that in 2003. Prior to filing for divorce, however, Appellant earned substantially higher income, at times as high as $90,000. Appellant also acknowledged that in the years prior to the marriage, he worked for Sun TV, and had the potential to earn $35,000 to $40,000 per year. Appellant does not dispute these figures.
 {¶ 16} Appellant's primary complaint on appeal is that the trial court made an incorrect statement of fact, and that the court's decision hinges on this particular finding, thus warranting a modification of his child support obligation. In its judgment, the trial court stated, "The evidence adduced at trial established [Appellant] is employed in the same field now as at the time of the divorce and earning substantially similar income." When the divorce was finalized in September 2003, Appellant was earning approximately $20,000 per year and was working for Alpine Reserve Mortgage as a loan officer. At the time he filed his motion to modify child support, Appellant was making approximately $25,000 working for MBNA, a financial services company. Thus, the court's statement was not unreasonable.
 {¶ 17} The parties agreed to a child support obligation of $500 per month per child in 2002. This agreement was based upon Appellant's acknowledgement and acceptance of $63,000 as his potential earnings ability, which was calculated using his earnings during the marriage. Later, the parties entered into an agreed divorce entry that increased Appellant's child support obligation to $550 per month per child. The court continued to use the agreed-upon earnings figure. Appellant accepted this figure even though he was earning in the neighborhood of $20,000 at that time. In its entry denying the motion to modify, the trial court explicitly noted that this was not a deviation under statutory law, but rather was an agreement to calculate Appellant's income in a certain way. Nothing suggests that this agreement was not valid and enforceable. See, generally, State ex rel. Cty. of Summit v.Jones (Oct. 21, 1987), 9th Dist. No. 13104, at 4, citing Bidinger v.Bidinger (1950), 89 Ohio App. 274, 279.
 {¶ 18} Ultimately, the key to the court's determination of whether a substantial change in circumstances occurred was an examination of Appellant's income. The court found that it was established that Appellant had the same financial woes at the time he agreed to pay $550 per child per month in child support, as at the time that he requested a modification of his support. The court also found that Appellant was making substantially the same amount of income, and Appellant was actually making more than he did at the finalization of the divorce. We find support for these conclusions in the record before the trial court.
 {¶ 19} Appellant further argues that the court determined that he was voluntarily underemployed and thereby imputed income without going through the appropriate analysis per R.C. 3119.01. However, we agree with Appellee that Appellant has misconstrued the trial court's analysis in this regard. The court was not itself imputing income to Appellant when it determined that his salary would be $63,000; rather, the court determined, that, in establishing his income, it was expressing its acceptance of the parties' agreement that Appellant was earning $63,000 per year at a time when he was earning less than $20,000 per year.
 {¶ 20} Appellant has also argued that Appellee did not present any evidence to suggest that Appellant had employment opportunities that he did not accept. However, a review of the evidence and testimony presented by the magistrate does not indicate that Appellant could concretely establish that he made a real effort to find appropriate employment. Appellant has also suggested that the trial court's requirement that he seek employment to meet his support obligation amounted to an order that he quit his current job and secure a job making exactly $63,000 per year. However, that is not what the trial court ordered. The court only qualified the employment in terms of being able to meet his monthly support obligations, and said nothing further.
 {¶ 21} Appellee has reminded us that despite Appellant's complaints that his lower income could barely allow him to keep his own head above water, Appellant had no difficulty purging his first contempt finding by meeting his support payment obligations from March 2003 to August 2003. Notably, Appellant was earning less at that time as compared to his earnings at the time he filed his motion for modification.
 {¶ 22} Finally, Appellant has argued that he should have not been found in contempt of court because he did not willfully violate the court's order. However, "[p]roof of a willful or intentional violation of a court order is not a prerequisite to a finding of contempt." Plumptonv. Springfield Twp. Bd. of Trustees (Oct. 9, 1991), 9th Dist. No. 15081, at 4, citing Pugh v. Pugh (1984), 15 Ohio St. 3d 136, 140. We find that the trial court's finding of contempt was reasonable.
 {¶ 23} Based upon the foregoing, we find that the trial court's decision is supported by the evidence in the record, and that the decision was reasonable. Therefore, we cannot find that the trial court abused its discretion in denying Appellant's motion to modify child support and in finding him in contempt of court. Appellant's first and second assignments of error lack merit.
 III {¶ 24} Appellant's first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Moore, J. concur.