FAULKNER, Appellee,

v.

PEGRAM, Appellant.

[Cite as *Faulkner v. Pegram*, 191 Ohio App.3d 676, 2010-Ohio-6614.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2010CA00022.

Decided Dec. 30, 2010.

Nikki L. Reed, for appellee.

Kimberly Stout, Stark County Public Defender, for appellant.

———————

DELANEY, Judge.

{¶ 1} Defendant-appellant, Darnell Pegram, appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, to sentence him to 30 days in jail for contempt.

## STATEMENT OF THE FACTS AND THE CASE

{¶ 2} Plaintiff-appellee, Shanuna Faulkner, through the Stark County Child Support Enforcement Agency, filed a motion for orders to show cause with the Stark County Court of Common Pleas, Juvenile Division, on April 9, 2009. The motion requested that appellant appear before the court and show cause as to why he should not be held in contempt for his failure to pay his obligated child support to appellee.

{¶ 3} The matter was set for a show-cause hearing before the magistrate on November 6, 2009. On November 6, 2009, appellant appeared at the hearing with counsel. Appellant stipulated to a finding of contempt for his failure to pay child support. At the time of his stipulation, appellant was in arrears for $1,586.60 for his failure to pay his $50 per month child-support obligation. The magistrate accepted appellant's stipulation, found appellant in contempt, and imposed a 30–day jail sentence. The magistrate told appellant that she was not imposing the sentence, but the matter would be set for an imposition hearing before the assigned trial-court judge on January 4, 2010, so that the judge could review the case. The magistrate informed appellant that if appellant failed to appear at the hearing, a warrant would be issued for his arrest. The magistrate's order filed on November 10, 2009, stated in the disposition that "[d]efendant is sentenced to 30 days in the Stark County Jail. Defendant is ordered to appear for imposition hearing at 1–4–2010 at 9:20 a.m. Defendant shall appear at this date and time or a warrant for his arrest will issue." The magistrate signed the judgment entry, and the order is stamped as assigned to the trial-court judge.

{¶ 4} The matter came before the trial-court judge on January 4, 2010. Appellant's counsel was at the hearing, but appellant failed to appear. The trial court thereupon issued a warrant for appellant's arrest. The trial court further ordered that upon appellant's arrest, appellant was to be taken to jail and would serve the 30–day sentence without further hearing.

{¶ 5} On January 12, 2010, appellant voluntarily turned himself in. On January 13, 2010, the parties filed an agreed judgment entry that stated that

appellant had brought himself into substantial compliance, and he was to be released from jail. The judgment entry further stated that the remainder of his 28-day sentence was deferred until June 1, 2010.

{¶ 6} On February 3, 2010, appellant filed his notice of appeal of the January 4, 2010 judgment entry.

{¶ 7} Appellant raises one assignment of error:

{¶ 8} "I. The trial court violated defendant-appellant's right to due process under the Fourteenth Amendment of the U.S. Constitution and Sections 10 and 16, Article 1 of the Ohio Constitution when the trial court sentenced defendant-appellant to 30 days in the Stark County Jail without the defendant-appellant present."

## I

{¶ 9} The issue in this appeal is not whether appellant was guilty of contempt for his failure to pay child support. Appellant does not argue that the trial court's finding that he was in contempt was against the manifest weight of the evidence. Nor does he appeal the imposition of a 30-day jail sentence by the magistrate. Appellant did not file objections to the November 6, 2009 magistrate's decision. Rather, appellant appeals the trial court's imposition of the sentence without appellant's being present at the January 4, 2010 hearing.

{¶ 10} Contempt has been defined as the disregard for judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. Indirect contempt occurs when a party engages in conduct outside the presence of the court that demonstrates a lack of respect for the court or its lawful orders. *Bierce v. Howell*, Delaware App. No. 06CAF050032, 2007-Ohio-3050, 2007 WL 1748517, ¶ 16. A contempt finding may be civil or criminal in nature. In *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253–254, 18 O.O.3d 446, 416 N.E.2d 610, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt:

{¶ 11} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." (Citations omitted.) *Anderson v.*

*Cameron*, Stark App. No. 2008CA00042, 2009-Ohio-601, 2009 WL 342699, ¶ 13–14, citing *Graber v. Siglock*, Stark App. No. 2002CA00176, 2002-Ohio-6177, 2002 WL 31521448.

{¶ 12} Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Hagan v. Hagan*, Stark App. No. 2009CA00148, 2010-Ohio-540, 2010 WL 560675, ¶ 12, citing *In re Mittas* (Aug. 6, 1994), Stark App. No. 1994CA00053, 1994 WL 477799. However, our review of this case does not involve whether the trial court abused its discretion in finding appellant in contempt because appellant stipulated to that finding. The nature of appellant's contempt, however, is still relevant to our analysis.

{¶ 13} In the present case, the magistrate's order did not state that it *recommended* a sentence, but rather stated that it *sentenced* appellant to 30 days in jail for contempt. The magistrate set the matter for an imposition hearing before the trial court judge, but the magistrate did not set forth any purge conditions in the order with which appellant could comply before the imposition hearing. The trial court judge did not sign the magistrate's order, but it is stamped that it was assigned to the trial-court judge. On January 4, 2010, the matter came before the trial-court judge for the imposition hearing. Upon appellant's failure to appear at that hearing, the trial court did not specifically find appellant in contempt in its judgment entry, but ordered that appellant immediately begin to serve 30 days in jail upon his arrest for his failure to appear. The trial court did not impose any purge conditions within its judgment entry.

{¶ 14} We find that on January 4, 2010, the trial court made a finding of contempt as to appellant in the nature of indirect criminal contempt. The trial court sentenced appellant to an unconditional prison sentence of 30 days in jail without any statement of conditions that would allow appellant release if he complied with those conditions.

{¶ 15} As noted by the Ohio Supreme Court, "[t]he most important consequences arising from this classification of contempts [as either civil or criminal] is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings." *Brown*, 64 Ohio St.2d at 252, 18 O.O.3d 446, 416 N.E.2d 610. Perhaps the most significant of these rights is the contemnor's right to due process. *Winkler v. Winkler* (1991), 81 Ohio App.3d 199, 202, 610 N.E.2d 1022. The right to due process encompasses the right of the accused to be advised of the charges against him, to have a reasonable opportunity to meet the charges by way of explanation or defense, and

the opportunity to call other witnesses on his behalf. See *In re Yeauger* (1992), 83 Ohio App.3d 493, 497, 615 N.E.2d 289.

{¶ 16} Appellant argues that he was denied his due-process rights when the trial court went forward with the hearing and ordered that upon appellant's arrest for his failure to appear, appellant was to begin serving 30 days in jail without further hearing. Because we find the nature of the contempt in this case to be criminal, we agree that under the facts of this case, the trial court erred in sentencing appellant to jail when appellant was not present at the hearing.

{¶ 17} Appellant's assignment of error is sustained.

{¶ 18} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

EDWARDS, P.J., and HOFFMAN, J., concur.

EDWARDS, Presiding Judge, concurring.

{¶ 19} I concur in the majority opinion as to the analysis and disposition of this case.

{¶ 20} I write separately only to point out that the magistrate's report, issued on November 6, 2009, and filed on November 10, 2009, is designated by the magistrate as an "order." But the only portion of that report that should have been designated as an order is the order for Darnell Pegram to appear before the court (the judge) for an imposition-of-sentence hearing. Pursuant to Juv.R. 40(D)(2)(a)(i), "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and *if not dispositive* of a claim or defense of a party." (Emphasis added.)

{¶ 21} Therefore, I find that the "order" of the magistrate to sentence Pegram to jail was invalid because the magistrate lacked the authority to issue such an order.

{¶ 22} Therefore, the hearing set in front of the judge on January 4, 2010, was a sentencing hearing, and Pegram was entitled to be present for sentencing. He should have been brought before the court for that purpose, if he did not appear voluntarily, and should now receive a new sentencing hearing.

HOFFMAN, Judge, concurring.

{¶ 23} I concur in the analysis of Judge Edwards but for her apparent agreement with Judge Delaney that the nature of the contempt was indirect

criminal contempt. I find that the case sub judice presents a civil-contempt issue.