OPINION
{¶ 1} Defendant-Appellant Derick D. Clark ("Clark") appeals from the March 24, 2006 judgment of the Court of Common Pleas, Juvenile Division of Crawford County, Ohio, overruling Clark's objections to the December 6, 2005 Judgment Entry finding Clark in contempt of the court's prior orders requiring him to pay monthly child support payments and to seek work.
 {¶ 2} On September 4, 1990 the court conducted a hearing to establish the father-child relationship between Clark and his minor child, Sarah J. Campbell. At this hearing Clark was determined to be Sarah's natural father, and was ordered to pay $160.33 per month for child support for Sarah commencing September 7, 1990. On September 24, 1990 Clark was issued a seek work order which required him to seek employment at 10 places per month. This order was subsequently updated by another seek work order on June 9, 2003 which required Clark to seek employment at 30 places each month and report to a job counselor.
 {¶ 3} On April 13, 2004 the Crawford County Child Support Enforcement Agency ("CCCSEA") filed a motion for contempt due to Clark's failure to comply with the court's September 12, 1990 support order and June 9, 2003 seek work order. This motion was originally heard by the Magistrate on May 12, 2004. In its May 28, 2004 Judgment Entry, the court found Clark to be in contempt of both the September 12, 1990 and June 9, 2003 orders. However, Clark filed an objection to this Judgment Entry. On June 28, 2004, the court issued a Judgment Entry sustaining Clark's objections and vacating the May 28, 2004 decision and scheduled the CCCSEA's motion for contempt for rehearing on September 7, 2004. This hearing was continued to January 4, 2005 and continued again to March 8, 2005.
 {¶ 4} On March 8, 2005 a hearing was conducted on the CCCSEA's motion for contempt and Clark's Objections to Administrative Mistake of Fact Findings and Recommendations[1] filed by Clark on July 28, 2004.
 {¶ 5} On December 6, 2005 the court issued a Judgment Entry finding Clark in contempt of the court's prior orders requiring him to pay a monthly child support obligation and comply with the court's seek work orders. Pursuant to this Judgment Entry, Clark was sentenced to 30 days in the Crawford County Jail, but was provided the opportunity to purge himself of the contempt finding and avoid the jail time by complying with six requirements listed in the Judgment Entry.
 {¶ 6} On December 20, 2005 Clark filed an objection to the December 6, 2005 Judgment Entry alleging that he was compliant with his child support order since January 1, 2004, that the court improperly noted its 1990 issuance of a seek work order, and that the alleged bias of the CSEA is a complete defense to the contempt. On March 24, 2006 the court issued a Judgment Entry overruling Clark's Objections.
 {¶ 7} Clark now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR, ABUSED ITS DISCRETION AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHICH WAS PREJUDICIAL AGAINST THE DEFENDANT/APPELLANT (DERICK D. CLARK) WHEN THE TRIAL COURT FOUND THE DEFENDANT/APPELLANT IN CONTEMPT OF COURT FOR VIOLATING THE JANUARY 12, 1990 [SIC] SUPPORT ORDER AND FAILING TO ABIDE A SEEK WORK ORDER FILED JUNE 9, 2003, DESPITE THE FACT THAT THE TOTAL AMOUNT PAID/COLLECTED FROM THE DEFENDANT/APPELLANT DURING TIME FRAME OF THE ALLEGED CONTEMPT WAS GREATER THAN THE AMOUNT ORDERED.
 {¶ 8} In his sole assignment of error, Clark alleges that the trial court abused its discretion in finding Clark in contempt based upon the evidence presented at the March 8, 2005 hearing, the trial court's decision was against the weight of the evidence.
 {¶ 9} We note that issues concerning child support are reviewed under an abuse of discretion standard. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, 686 N.E.2d 1108 citing Booth v. Booth (1989),44 Ohio St.3d 142, 541 N.E.2d 1028. Additionally, we review a contempt sentence for an abuse of discretion by the trial court. Faubel v. Faubel
2nd Dist. Nos. 05-MA-101 and 05-MA-210, 2006-Ohio-4679. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 10} At the March 8, 2005 hearing the trial court heard testimony from Jennifer Adams ("Adams"), a case manager for CCCSEA and Clark. Adams testified that when the initial contempt action was filed in April 2004 Clark had been making payments, but not the full obligation amount. Adams also testified that as of April 2003 Clark owed $12,153.11 in child support but that the CCCSEA had received four payments from federal tax intercepts on Clark's behalf totaling $6289.21. (i.e. March 2003 in the amount of $1,488.02; April 2003 in the amount of $1,089.99; November 2003 in the amount of $1,741.20 and May 2004 in the amount of $1,970.00). Additionally, Adams testified that as of March 8, 2005 Clark's arrears were still $6,629.30.
 {¶ 11} Our review of the record shows that the testimony and evidence presented clearly evidences Clark's long history of non-payment that led to the CCCSEA's motion for contempt in April 2004. Specifically, we find that the record reflects that Clark failed to meet his entire monthly child support obligation in the following months (prior to the CCCSEA filing its motion for contempt):
 March 2004, January 2004, December 2003, October 2003, August 2003, July 2003, January 2003, August 2002, July 2002, June 2002, March 2002, February 2002, November 2001, October 2001, August 2001, July 2001, June 2001, September 2000, July 2000, August 1999, January 1999, February 1999, and November 1998.
 {¶ 12} We also find that Clark failed to pay any child support payments in the following 39 months:
 September 2003, June 2003, May 2003, February 2003, December 2002, November 2002, October 2002, September 2002, May 2002, April 2002, January 2002, December 2001, September 2001, May 2001, April 2001, March 2001, February 2001, January 2001, December 2000, November 2000, October 2000, August 2000, June 2000, May 2000, April 2000, March 2000, February 2000, January 2000, December 1999, October 1999, September 1999, July 1999, June 1999, May 1999, April 1999, March 1999, October 1998, September 1998, and August 1998.
 {¶ 13} Additionally, we note that Clark testified at the March 8, 2005 hearing that he did not make any child support payments in 1991, 1992 or 1993 and that he made only two child support payments in 2002 and only one payment in 2003.
 {¶ 14} We note that Clark's argument on appeal is that the trial court erred in not accounting the federal tax intercept payments (i.e. payments made in March 2003, April 2003, November 2003 and May 2005) as current support obligation payments and then applying the excess to Clark's future payment obligations. However, we find this argument to be without merit. Even if we were to agree with Clark and find that the tax intercept payments made in 2003 met his monthly support obligations for those months, even if these amounts were in excess of the amount actually owed for those months, we find that the record reveals that Clark still owed a substantial amount of money in support arrearages. In fact, we note that the CCCSEA was extremely lenient with Clark in not filing the motion for contempt until April 2004, especially in light of Clark's failure to make any child support payments at all during 1991, 1992, or 1993. Furthermore, we note that Clark testified that he had no choice in giving the IRS tax returns to the CCCSEA.
 {¶ 15} Additionally, regarding the trial court's finding of contempt as to Clark's compliance with the seek work orders, we find that the record reflects that Clark turned in only one partially completed seek work form in August 2003 which listed only 12 places Clark sought employment instead of the requisite 30. It is clear upon our review of the record that Clark was not in compliance with either seek work order.
 {¶ 16} Therefore, we find that the evidence presented at the March 8, 2005 hearing unequivocally establishes that Clark failed to comply with the September 7, 1990 support order, the September 24, 1990 seek work order and the June 9, 2003 seek work order. Based upon the foregoing, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in finding him in contempt of the court's September 12, 1990 support order and June 9, 2003 seek work order.
 {¶ 17} Accordingly, Clark's sole assignment of error is overruled and the judgment of the Court of Common Pleas, Juvenile Division of Crawford County, is affirmed.
[1] An Administrative Mistake of Fact Hearing was held on July 13, 2004. Present for the hearing were Clark and Linda Zellner, Administrative Hearing Officer. The Administrative Hearing Officer entered her findings, conclusions and recommendations on this same date. On August 12, 2004 the court entered a Judgment Entry of Emancipation finding Sarah Campbell emancipated on May 30, 2004 due to graduation from high school and terminating Clark's support obligations as of this date. This Judgment Entry also reduced Clark's monthly payment obligation on child support arrears to $43.33 per month while he is unemployed but contingent upon his compliance with the seek work process and any recommendations of the Jobs Services Counselor. However, upon Clark's obtaining employment or upon his failure to comply with the seek work order, the Court ordered his payment on arrears to increase to $160.33 per month.
 Judgment Affirmed.
 ROGERS and WALTERS, J.J., concur.