DECISION AND JUDGMENT ENTRY
{¶ 1} Bank One appeals the Meigs County Common Pleas Court's denial of its motion to vacate the judgment that dismissed the case. The main thrust of Bank One's appeal is that the trial court erred in dismissing the case. However, because Bank One did not timely appeal the judgment dismissing the case, we have no jurisdiction to determine that issue. Our jurisdiction in this appeal is limited to a review of the judgment that denied the motion to vacate and, unfortunately, Bank One does not raise any assignments of error relating to that judgment. Accordingly, we affirm it summarily.
 {¶ 2} After obtaining a line of credit from Bank One, Grover Salser became delinquent in his payments. Bank One demanded that Salser liquidate the outstanding balance due on the account, but Salser refused. Thereafter, Bank One referred the matter to arbitration in accordance with the parties' contract. In December 2003, the arbitrator entered an award in favor of Bank One for $14,178.40.
 {¶ 3} Three months after receiving the arbitration award, Bank One filed a motion in the Meigs County Court of Common Pleas to confirm and enforce the award. On April 29, 2004, the trial court issued a hearing notice indicating that it would hold a pretrial hearing on Monday May 10th at 10:00 a.m. The notice stated: "All parties and counsel shall attend said hearing. Should any attorney or party fail to comply with the direction set out in this order, a hearing will be held five (5) minutes after the above scheduled hearing to afford an opportunity to explain why the Court should not dismiss the case for failure to prosecute same; and/or the Court may impose default judgment or other appropriate sanctions."
 {¶ 4} Three days before the scheduled hearing, Bank One filed a motion for a continuance. The motion indicated that Bank One's attorney had a scheduling conflict and that local counsel was not available. On May 11, 2004, the day after the pretrial hearing, the court issued a journal entry denying Bank One's motion for a continuance and dismissing the case for lack of prosecution. Bank One did not appeal this decision. Instead, in August 2004, Bank One filed a motion under Civ.R. 60(B) to vacate the dismissal. Attached to the motion was an affidavit from Barbara Briggs, the legal secretary for Bank One's attorney. Ms. Briggs attested that she "spoke with the Court" about needing to file for a continuance and "[t]he Court indicated to [her] that there would be no problem[.]"
 {¶ 5} The trial court subsequently held a hearing on Bank One's motion.[1] In January 2005, the court issued a journal entry denying the motion to vacate the dismissal. Bank One now appeals and raises the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM AND DISMISSING WITH PREJUDICE.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED IN NOT PROVIDING SUFFICIENT NOTICE OF THE INTENT TO DISMISS THE CLAIM.
 {¶ 6} Before we can address Bank One's assignments of error, we must address an issue raised by Salser in his appellate brief. Salser contends the current appeal is an attempt to circumvent App.R. 4(A), which requires a party to file a notice of appeal within thirty days of the entry of the judgment or order being appealed. He notes that although Bank One is appealing the decision denying its motion to vacate, its arguments focus on the merits of the dismissal entry, which it did not appeal. We agree with Salser's argument.
 {¶ 7} Not once does Bank One's appellate brief mention Civ.R. 60(B) or the three-prong test for obtaining relief under that rule. See GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus (Setting forth the three-prong test that must be met to prevail on a motion for relief from judgment.) Rather, the main focus of the brief is the question of whether the trial court erred in dismissing the case on May 11, 2004. However, Bank One did not appeal this judgment within thirty days as required by App.R. 4(A). If Bank One wanted to challenge the merits of the dismissal, they should have filed a notice of appeal from that judgment. Civ.R. 60(B) is not a substitute for appeal nor can it be used to circumvent or extend the time requirements for filing an appeal. Blasko v. Mislik
(1982), 69 Ohio St.2d 684, 686, 433 N.E.2d 612.
 {¶ 8} In its appellate brief, Bank One seeks to challenge the trial court's dismissal of the case. However, because Bank One did not timely appeal that judgment, we have no jurisdiction to determine that issue. SeeCincinnati Ins. Co. v. Handy (Nov. 27, 1992), Lake App. No. 92-L-006;Moore v. Emmanuel Family Training Ctr., Inc. (March 2, 1984), Cuyahoga App. No. 47046, reversed on other grounds in Moore v. Emmanuel FamilyTraining Ctr., Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879. Our jurisdiction in this appeal is limited to a review of the judgment denying Bank One's motion to vacate. Unfortunately, the assignments of error set forth in Bank One's brief do not challenge that judgment. And even if the second assignment of error could be loosely construed as challenging that judgment,[2] our review reveals that Bank One did not raise the issue, i.e., that the court failed to give Bank One notice of its intent to dismiss, in its motion to vacate. Accordingly, the issue would not be properly before us. See Handy, supra. Since Bank One has failed to assert any assignments of error that we have jurisdiction to determine, we summarily affirm the trial court's judgment. See App.R. 12(A)(1)(b) (Stating that an appellate court shall "[d]etermine the appeal on its merits on the assignments of errors set forth in the briefs * * *.")
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Although there is no transcript of a hearing in the record and Bank One does not mention a hearing in its appellate brief, the court's decision indicates that there was a hearing on the motion.
[2] This would be a loose construction indeed, for, as noted above, Bank One's brief makes no mention of Civ.R. 60(B) or the three-part test that must be met to prevail on a motion under that rule.