JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant Robert O. Garnett appeals from a common pleas court order dismissing his case. He claims that the court erred by compelling him to provide discovery after the discovery deadline had passed, and by dismissing his complaint with prejudice without prior notice that dismissal with prejudice was a possibility. He further claims that it was error for the court "to first indicate on the docket that the dismissal motions of the appellees had been granted, and then to intentionally modify those docket entries so as to support a subsequent dismissal with prejudice." We find no error in the trial court's decisions and affirm.
 Procedural History {¶ 2} The complaint in this case was filed January 4, 2006, having previously been filed and dismissed. The court scheduled a discovery deadline of March 27, 2006, a dispositive motion deadline of May 26, 2006, a final pretrial date of June 21, 2006, and a trial date of July 19, 2006.
 {¶ 3} On March 17, 2006, appellee Nationwide Property Casualty Ins. Co. filed a motion to compel responses to its interrogatories and requests for production of documents. It filed an amended motion on March 20, 2006. The following day, appellee Enterprise Rent-A-Car filed a motion to compel appellant's attendance at deposition. Enterprise's motion was granted on April 7, 2006. Nationwide's motion was granted on May 2, 2006. *Page 4 
 {¶ 4} On May 24, 2006, Enterprise filed a motion to dismiss and for sanctions for appellant's failure to appear at his rescheduled deposition. The following day, Nationwide also moved to dismiss and for sanctions against appellant for failing to respond to its written discovery. Appellant sought an extension of time until June 12, 2006 to respond to these motions. Although the court did not expressly rule on this motion, appellant did not file his response or seek an additional extension of time within the requested extension period.
 {¶ 5} On June 29, 2006, the court entered the following order:
 {¶ 6} "Case called for pretrial 6/21/06 at 9:30 a.m. Plaintiff failed to appear by 10:00 a.m. Case dismissed with prejudice pursuant to 41(B)(1) for failure to appear at final pretrial and failure to comply with court's order of 5/02/06 compelling plaintiff to comply with discovery and appear at deposition."
 {¶ 7} Appellant timely filed his notice of appeal on July 24, 2006.
 Law and Analysis {¶ 8} Initially, we note that a motion to correct the record pursuant to App.R. 9(E) was filed with the trial court on August 3, 2006, and remains pending there. This motion is related to appellant's third assignment of error, which alleges that the court docket initially indicated that the court had granted appellees' motions to dismiss on June 8, 2006, that appellant relied on this entry by not appearing at the final pretrial hearing on June 21, 2006, and that the court thereafter changed the docket to remove any notation of a June 8 dismissal. *Page 5 
 {¶ 9} This is not an issue which we can address on direct appeal because it relies on evidence outside the record, namely, appellant's representation that he did not appear at the final pretrial because of an alleged docket notation that the motions to dismiss had already been granted. An affidavit from appellant would be necessary to support this proposition.[1] However, we are limited to a review of the record on appeal, consisting of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A). Consequently, even if appellant had attempted to submit such an affidavit here, we could not consider it.
 {¶ 10} In any event, the trial court also dismissed the case on the alternative ground that appellant failed to comply with its order to provide discovery. Thus, even if we could conclude that the court erred by dismissing the case for failure to prosecute when appellant failed to appear at the final pretrial, this conclusion would not allow us to reverse the dismissal order. Accordingly, we decline to address the third assignment of error. *Page 6 
 {¶ 11} Appellant's first assignment of error claims that the court erred by compelling him to provide discovery after the discovery period had expired. Appellant has supplied no authority for this proposition, and we can find none. Appellees' motions were timely filed before the discovery period was concluded. There is no time limit as to when the court must rule. Appellant cannot avoid providing discovery by the simple expedient of waiting for the discovery period to expire. Therefore, we overrule the first assignment of error.
 {¶ 12} Second, appellant claims the court abused its discretion by dismissing his case with prejudice without providing him with prior notice that dismissal with prejudice was a possibility. While we agree that the court should not have dismissed appellant's case for failure to appear at the final pretrial without providing him with prior notice and an opportunity to be heard, see Civ.R. 41(B)(1), the dismissal was nevertheless proper because appellees' motions to dismiss afforded appellant with ample notice that his case might be dismissed.Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48. A dismissal for failure to provide discovery after having been ordered to do so is necessarily "with prejudice." See Civ.R. 41(B)(3). Therefore, we overrule the second assignment of error.
 {¶ 13} While dismissal is a harsh sanction, it is entirely appropriate when a party
 {¶ 14} has failed or refused to provide any discovery and has not adequately explained why. Shoreway Circle, Inc. v. Gerald Skoch Co.,L.P.A. (1994), *Page 7 92 Ohio App.3d 823, 832-33. Here, appellant failed to provide any discovery and failed to respond to either the motions to compel or the motions to dismiss. Appellant's recalcitrance obviously limited appellees' ability to prepare for trial, which was only three weeks away. Consequently, the court did not abuse its discretion by dismissing his case.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The evidence attached to appellant's motion to "correct" the record does not demonstrate that the docket reflected a ruling on the motions to dismiss before the June 21 final pretrial. The computerized docket entry attached to appellant's motion to correct the record was printed on July 6, 2006, after the final pretrial was held. The notation of a June 8 ruling is not a separately listed docket item but a cross-reference to an order which is not otherwise shown on the docket. Cf. Sup.R. 26.03(C)(4). *Page 1