DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Hannah Holland, the maternal grandmother of Joni Riley (deceased) and appellee Steven J. Riley's child, appeals the trial court's judgment returning custody of the child to appellee. She asserts that the trial court improperly relied upon In re Perales (1977),52 Ohio St.2d 89, 369 N.E.2d 1047, in determining to return custody to appellee. Appellant *Page 2 
appears to assert that the trial court should have been guided solely by the child's best interests and not by any concerns regarding appellee's paramount right to custody, absent a finding of unsuitability. Even if appellant's argument is correct, the trial court retained the utmost discretion to return custody to appellee. The trial court apparently concluded that returning the child to appellee would serve the child's best interests. Implicit in this decision is a finding that appellee is suitable.
 {¶ 2} Alternatively, appellant contends that the trial court should have found appellee unsuitable and refused to return the child to his custody. Appellee, as the natural father of the child, retained the ultimate right to custody of the child. The trial court obviously would not have returned the child to his custody if appellee is unsuitable. Thus, the trial court implicitly found appellee to be a suitable parent, and we will not second-guess its decision. Moreover, because appellant failed to request findings of fact and conclusions of law, she cannot complain on appeal about the trial court's lack of an explicit finding regarding appellee's suitability or lack thereof. For this same reason, appellant's argument concerning the child's best interests is unavailing. Furthermore, her assertion that we can review appellee's suitability and the child's best interests de novo is meritless. Accordingly, we overrule appellant's assignment of error. *Page 3 
 {¶ 3} Cross-Appellant/Appellee Riley argues that the trial court erred by overruling his motion for relief for judgment. He contends that the court should relive him of the prior judgments ordering him to refund social security benefits. The trial court did not abuse its discretion by overruling appellee's motion. Appellee failed to set forth any grounds for relief under Civ.R. 60(B). Additionally, the prior judgments constituted final appealable orders, which appellee filed to appeal. Thus, the issue regarding the social security benefits is res judicata and appellee may not re-litigate that issue by use of Civ.R. 60(B). Consequently, appellee's cross-assignment of error lacks merit, and we affirm the trial court's judgment.
 I. FACTS {¶ 4} On January 12, 1991, Joni and appellee married and had one child, who was born in 1998. In 2004, the parties legally separated. Joni had terminal cancer and died shortly after the parties' separation. At the time of the parties' separation, Joni lived with her mother (appellant), her father, and the minor child.
 {¶ 5} The parties' separation agreement stated: "In the event of the death of the Wife, all Social Security benefits received for the minor child * * * shall be deposited into a savings account as and for future college *Page 4 
education expenses." The agreement further provided: "In the even of the death of the Wife, the Wife's mother (maternal grandmother), Hannah Holland, and the Wife's sister, Jennifer S. Bruce, shall have legal visitation with the minor child. This visitation shall be at least equivalent to the Court's standard visitation policy, and shall include the division of holidays and at least three weeks of summer vacation."
 {¶ 6} Before Joni died, she opened an account and arranged for social security benefits to be paid into the account following her death. She designated appellant the custodian of the account. By December of 2004, the account contained $3, 164.
 {¶ 7} Shortly after Joni's death in June of 2004, the child began living with appellee. In late December of 2004 or early January of 2005, appellee and the child moved into a trailer with appellee's girlfriend, Jennifer Naylor. In January of 2005, appellee lost his job. Before he moved in with Jennifer and before he lost his job, appellee transferred all of the funds from Joni's social security benefits into a new account that he established. Over the next several days, he transferred $2, 000 out of the account into his own checking account. He continued to make withdrawals so that by the end of the month, little money remained in the new account. He did not use any of the funds *Page 5 
for the child's benefit. Instead, he used the money to buy a new vehicle and to purchase other items for himself and his girlfriend.
 {¶ 8} On September 20, 2005, appellant[1] filed a contempt motion against appellee for his failure to abide by the separation agreement's provision regarding Joni's social security benefits. On November 17, 2005, the parties agreed upon the following issues: (1) appellant would be designated the payee of the social security benefits; (2) appellee would transfer all social security funds received on the minor child's behalf to appellant; (3) appellee would provide a full accounting of the amounts of social security benefits that were due to the child between the time of the mother's death and November 7, 2005, and he shall turn the funds over to appellant; (4) appellee will make up any deficiency; and (5) appellant would dismiss the contempt motion.
 {¶ 9} In March of 2006, appellant filed another contempt motion for appellee's failure to comply with the parties' court-approved agreement. The court subsequently appointed appellee the guardian and next of friend of the minor child.
 {¶ 10} On May 5, 2006, the parties entered into an agreed entry that modified the parental rights and responsibilities and ordered appellee to *Page 6 
return the social security funds. The agreement provided that appellant shall have temporary custody of the minor child until appellee "is financially and emotionally in a position to resume custody."
 {¶ 11} On August 8, 2006, appellee filed a combined "motion to return custody to father/motion for relief from judgments/motion to modify relative's visitation." He requested the court to (1) return custody to him, (2) terminate the current orders regarding the social security funds and make him the sole payee of the funds, (3) terminate any provisions requiring any specific disposition of the funds and granting him the power to dispose of those funds as he deems fit in the best interests of the child.
 {¶ 12} After a hearing on appellee's motion, the court ordered him to refund the social security benefits that he expended. The court granted appellee's motion to return custody of the child. The court determined that appellee had the paramount right to custody.
 II. ASSIGNMENTS OF ERROR {¶ 13} Appellant raises the following assignment of error:
 {¶ 14} I. "THE TRIAL COURT ERRED WHEN IT ORDERED THAT CUSTODY BE RETURNED TO APPELLEE." *Page 7 
 {¶ 15} Appellee's brief does not designate an assignment of error. However, our review of his brief reveals that he is challenging the trial court's decision overruling his Civ.R. 60(B) motion. He asserts that the court should grant him relief from the prior judgments regarding the distribution of the social security funds because the trial court lacked authority to direct the use of those funds.
 III. ANALYSIS A CUSTODY {¶ 16} In her sole assignment of error, appellant argues that the trial court erred by returning the child to appellee's custody. She asserts that the court incorrectly determined that Perales required it to return the child to appellee's care. Appellant contends that because the custody action originated in a complaint for legal separation,Perales does not apply. Instead, the best interest standard contained in R.C. 3109.04(D)(2) applies. Alternatively, she asserts that because the trial court failed to make any unsuitability finding, we may review this question de novo and find that appellee is unsuitable to parent the child. *Page 8 
 1
Failure to Request Findings of Fact and Conclusions of Law
 {¶ 17} Appellant failed to request findings of fact and conclusions of law relating to the trial court's decision to return the child to appellee's custody. Civ.R. 52 provides that "judgment may be general for the prevailing party unless one of the parties in writing requests otherwise." The failure to request findings of fact and conclusions of law results in a waiver of the right to challenge the trial court's lack of an explicit finding concerning an issue. See Pawlus v. Bartrug
(1996), 109 Ohio App .3d 796, 801, 673 N.E.2d 188; Wangugi v.Wangugi (Apr. 12, 2000), Ross App. No. 2531; Ruby v. Ruby (Aug. 11, 1999), Coshocton App. No. 99CA4. "[W]hen a party does not request that the trial court make findings of fact and conclusions of law under Civ.R. 52, the reviewing court will presume that the trial court considered all the factors and all other relevant facts." Fallang v.Fallang (1996), 109 Ohio App.3d 543, 549, 672 NE.2d 730; see, also,In re Barnhart, Athens App. No. 02CA20, 2002-Ohio-6023.
 {¶ 18} In the absence of findings of fact and conclusions of law, we must presume the trial court applied the law correctly and must affirm if there is some evidence in the record to support its judgment. See, e.g., Bugg v. Fancher, Highland App. No. 06CA12, 2007-Ohio-2019, at ¶ 10, citing *Page 9 Allstate Financial Corp. v. Westfield Serv. Mgt. Co. (1989),62 Ohio App.3d 657, 577 N.E.2d 383. As the court explained in Pettit v.Pettit (1988), 55 Ohio App.3d 128, 130, 562 N.E.2d 929:
 "[W]hen separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with [its] judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence.
 The message is clear: If a party wishes to challenge the* * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already `uphill' burden of demonstrating error becomes an almost insurmountable `mountain.'"
See, also, Bugg; International Converter, Inc. v. Ohio ValleyConverting, Ltd. (May 26, 1995), Washington App. No. 93CA34.
 2 Standard of Review {¶ 19} Appellate courts review a trial court's decision regarding the custody of children with the utmost deference. See Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159; Miller v.Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, a reviewing court will not reverse a court's custody decision unless the trial court abused its *Page 10 
discretion. Davis. In Davis, the court defined the abuse of discretion standard that applies in custody proceedings as follows:
 "`Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. (Trickey v. Trickey [1952], 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772, approved and followed.)' [Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus].
 The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. As we stated in Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81, 10 OBR 408, 410-412, 461 N.E.2d 1273, 1276-1277:
 `The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *
 * * *
 * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate court relies on unchallenged, excluded evidence in order to justify its reversal.'
 This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well."
Id. at 418-419. *Page 11 
 {¶ 20} Reviewing courts should also be guided by a presumption that the trial court's findings are correct because the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use its observations in weighing the credibility of the proffered testimony. See, e.g., Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. As the court explained in Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124,661 N.E.2d 1008:
 "`The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.'"
Id., quoting Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849 (citations omitted).
 3 Custody Disputes Between Parent and Non-Parent {¶ 21} "[T]he overriding principle in custody cases between a parent and nonparent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children." In reHockstok, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, at ¶ 16. Thus, "in a child *Page 12 
custody proceeding between a parent and nonparent, a court may not award custody to the nonparent `without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child.'" Id. at ¶ 17, quoting In re Perales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047, syllabus. "If a court concludes that any one of these circumstances describes the conduct of a parent, the parent may be adjudged unsuitable, and the state may infringe upon the fundamental parental liberty interest of child custody." Thus, a trial court first must make a finding of parental unsuitability in child custody proceedings between a natural parent and nonparent. Id. at ¶ 18.
 {¶ 22} In the case at bar, appellant asserts that because the custody arrangement arose out of a complaint for legal separation, the trial court improperly relied upon Perales to determine that appellee has a paramount right to custody. She appears to assert that the trial court need only have considered the child's best interests, under R.C.3109.04(D)(2) without regard to appellee's suitability. Regardless of the correctness of her assertion, the trial court retained the utmost deference in this custody matter to return the child to her father's care. The trial court apparently concluded *Page 13 
that returning the child to appellee would serve her best interests. And, obviously, it would not be in a child's best interests to return a child to an unsuitable parent.
 {¶ 23} Appellant's alternative argument, that appellee is unsuitable, is likewise unavailing. Implicit in a trial court's decision to return custody of a child to a parent is a finding that the parent is suitable. Thus, although appellant argues that appellee is unsuitable, the trial court apparently determined otherwise.
 {¶ 24} Additionally, because appellant failed to request findings of fact and conclusions of law, she may not challenge the trial court's failure to make an explicit finding regarding appellee's suitability or lack thereof. For this same reason, she may not complain that the trial court failed to set forth findings of fact or conclusions of law when determining the child's best interests. Contrary to appellant's assertion, we do not review these issues de novo when a trial court fails to set forth explicit factual findings and conclusions of law. Instead, because appellant did not request more specific factual findings and conclusions of law, we presume the regularity of the trial court proceedings.
 {¶ 25} Accordingly, we overrule appellant's sole assignment of error. *Page 14 
 B {para: 26} In his cross-assignment of error, appellee argues that the trial court erred by denying his Civ.R. 60(B) motion for relief from judgment. He asserts that his prior agreements to repay the social security funds he expended as contained in the trial court's orders and in the separation agreement are unenforceable.
 {¶ 27} We review a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. Harris v.Anderson (2006), 109 Ohio St.3d 101, 102, 846 N.E.2d 43, citingState ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151, 666 N.E.2d 1134.
 {¶ 28} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, *Page 15 Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.
 {¶ 29} Civ.R. 60(B) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise discharged, or a prior judgment upon which it is based has been reversed, or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 30} In the case at bar, the trial court did not abuse its discretion by refusing to grant appellee relief from the prior judgments regarding the social security benefits. First, appellee did not allege any of the grounds *Page 16 
stated in Civ.R. 60(B). This failure alone justifies the trial court's decision. Additionally, the prior court orders were final appealable orders. Appellee never appealed any of the prior orders regarding the social security benefits. Thus, the issue is res judicata and he may not use Civ.R. 60(B) as a substitute for appeal. See, e.g., Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548; Bank One v.Salser, Meigs App. No. 05CA1, 2005-Ohio-3573.
 {¶ 31} Accordingly, we overrule appellee's cross-assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] Appellee objected to appellant's standing during the trial court proceedings, but he does not do so on appeal. Therefore, we will not address whether appellant had standing to file the contempt motion or her standing on appeal.