OPINION
{¶ 1} Appellant Peter Mapley appeals a judgment affirming a magistrate's decision imposing a 10-day jail sentence for contempt of court for failure to pay child support. Appellant argues that he cannot be held in contempt because he was out of work and was unable to pay his child support. Appellant did not file objections to the magistrate's decision, and has waived this assigned error on appeal. Appellant did not appeal the judgment entry finding him in contempt. Instead, he appealed the subsequent judgment dealing with whether he had purged his contempt. Further, there is no transcript in the record of the hearing at issue in this appeal. There is no indication from the record that Appellant was indigent or that indigency had any bearing on his failure to pay his child support. The judgment of the juvenile court is affirmed.
 {¶ 2} On March 19, 2002, Appellee Jill Allison Harvey filed a complaint in the Mahoning County Court of Common Pleas, Juvenile Division, for custody of her daughter Audrey Isabelle Mapley, d.o.b. 5/21/2000. Appellant admitted paternity, and the court ordered him to pay child support of $50.00 per month. On August 18, 2004, Appellee filed a motion to modify child support. A hearing was held on October 6, 2004, and the court determined that Appellant was earning $33,000 per year. The *Page 3 
court modified his child support to $624.51 per month plus a processing fee. (11/9/04 J.E.)
 {¶ 3} On March 23, 2006, Appellee filed a motion to find Appellant in contempt for failing to pay child support. The court appointed counsel for Appellant, and a magistrate's hearing was held on September 8, 2006. As of August 31, 2006, Appellant was $13,063.04 in arrears on his child support payments. The last support payment he made was $150.00 on August 30, 2005. Appellant stated at trial that he lost a job in the spring of 2005, lost another job in the summer of 2005, and then began attending law school in Michigan. (9/8/06 Tr., p. 5.) He left law school and began looking for another job. Appellant mentioned that he had a history of alcoholism. (9/8/06 Tr., p. 6.) Appellant did not provide any evidence establishing that he was looking for work. He did not explain why he was terminated from any of his prior employment.
 {¶ 4} On October 23, 2006, the magistrate found Appellant in contempt for failing to pay $13,063.04 in child support. The magistrate recommended a jail term, which was held in abeyance so that Appellant could purge his contempt by paying his current support payment and a payment of $124.90 per month on the arrearage, for a total payment of $749.41 per month. No objections were filed. The trial court adopted the magistrate's decision on November 13, 2006. No appeal was taken.
 {¶ 5} A hearing was held on January 10, 2007, to determine if Appellant had purged his contempt. The court found that Appellant had made no support payments and that the contempt had not been purged. There is no indication on the record that *Page 4 
Appellant was indigent at the time of the hearing. On January 19, 2007, the magistrate ordered Appellant to serve ten days in jail starting on February 12, 2007. No objections were filed. The trial court adopted the magistrate's decision on February 15, 2007. This timely appeal followed on February 22, 2007.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN FINDING APPELLANT PETER MAPLEY IN CONTEMPT OF COURT AND SENTENCING HIM TO TEN DAYS IN JAIL FOR A CHILD SUPPORT ARREARAGE WHEN HE WAS NOT VOLUNTARILY UNEMPLOYED."
 {¶ 7} Appellant argues that he cannot be forced to go to jail in contempt for failure to pay child support when he was involuntarily unable to pay that child support. The standard of review used in contempt proceedings applies to this appeal. This case involves a civil contempt proceeding. Civil and criminal contempt are distinguishable, in part, by the sanctions imposed. "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil." Denovchek v. Board of Trumbull Cty.Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362. A finding of civil contempt will not be reversed on appeal absent an abuse of discretion on the part of the trial court. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 541 N.E.2d 597. The term "abuse of discretion" connotes that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. *Page 5 
 {¶ 8} The purpose of contempt is to secure compliance with the court's lawful orders. Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 56
O.O.2d 31, 271 N.E.2d 815. The inability to pay support is a recognized defense in child and spousal support contempt actions. See Ritchie v.Ritchie (Jan. 19, 1999), 12th Dist. No. CA98-05-063; Anderson v.Anderson (Dec. 1, 1998), 7th Dist. No. 96-CO-21; Rinehart v.Rinehart (1993), 87 Ohio App.3d 325, 622 N.E.2d 359. "The inability to pay must be based on circumstances beyond the obligor's control."Faubel v. Faubel, 7th Dist. Nos. 05-MA-101, 05-MA-210, 2006-Ohio-4679, ¶ 43. Whether a party is unable to pay is a factual determination to be made by the court. "Once a person seeking contempt demonstrates an obligor's failure to pay support, the burden of proof shifts to the obligor to prove his or her inability to pay." Id.
 {¶ 9} Appellant has waived any possibility of review of his assigned error because he is attempting to overturn the trial court's decision to find him in contempt, which occurred on November 13, 2006, even though this judgment entry was not appealed. Failure to appeal a final appealable order waives any error that could have been raised with respect to that order. In re Nice (2001), 141 Ohio App.3d 445, 452,751 N.E.2d 552.
 {¶ 10} The subsequent order Appellant did appeal was not an order finding him in contempt. Rather, it was an order finding that Appellant had not purged his contempt by paying his new monthly obligation of $794.41. There is no transcript in the record of the January 10, 2007, hearing, which formed the basis of the trial court's determination that Appellant had not purged his contempt. Appellant would *Page 6 
have been required to prove at that hearing that he was indigent or otherwise was unable to pay the new monthly obligation. Since there is nothing in record disputing the trial court's findings, we must presume the regularity and correctness of the proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218,400 N.E.2d 384.
 {¶ 11} Further, Appellant did not file objections to any of the magistrate's decisions up to and including the January 19, 2007, decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), a party must make a specific objection to factual errors in a magistrate's decision in order to preserve the error for review:
 {¶ 12} "(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 13} Even if Appellant had preserved his alleged error for review, his argument is not persuasive. Appellant did not present any evidence at the September 8, 2006, hearing that his loss of employment in 2005 was involuntary. At first, Appellant did not attempt to explain his loss of employment. He simply stated that it happened. He later mentioned that he lost one of his jobs due to a, "[h]istory of alcoholism." (9/8/06 Tr., p. 6.) There is no further elaboration about his alcoholism or its relationship to his employment. He testified that he began attending law school *Page 7 
rather than obtain employment. There is no indication that his decision to go to law school was anything other than a voluntary action. Even if these minimal explanations for his actions could be deemed in some sense as proof of an involuntary inability to pay child support, the trial court was not required to believe Appellant. "It is within the trial court's discretion to believe or disbelieve a particular witness and to give such weight to each witness's testimony as the court deems proper."Murello Constr. Co. v. Citizens Home Savings Co. (1985),29 Ohio App.3d 333, 335, 505 N.E.2d 637. It was Appellant's burden to prove his defense of inability to pay, and it is clear that Appellant did not prove such a defense.
 {¶ 14} Appellant's assignment of error has been waived due to failure to appeal the appropriate judgment entry, failure to object to the magistrate's decision, failure to provide the correct transcript on appeal, and failure to establish any abuse of discretion on the part of the trial court. The judgment of the Mahoning County Court of Common Pleas, Juvenile Division, is affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1