OPINION
{¶ 1} Appellant, John R., appeals the decision of the Butler County Juvenile Court, denying his motion for a change of custody of his minor child. We affirm the juvenile court's decision.
 {¶ 2} On April 23, 1997, Butler County Children Services Board filed a complaint in the juvenile court alleging that appellant's child, D.R., is an abused and neglected child. At that time, D.R. was placed in the custody of her paternal aunt, Wanda Marcum. However, on July 7, 2000, appellees, Kathryn and Thomas Phillips, who are residents of Indiana, filed a *Page 2 
complaint seeking custody of D.R. On August 15, 2000, the juvenile court awarded custody of D.R. to appellees, after Marcum consented to appellees' change of custody request.
 {¶ 3} On October 26, 2005, appellant filed a motion seeking custody of D.R. On December 8, 2005, pursuant to a petition appellees filed in the Circuit Court of Decatur County Indiana, the Indiana court "assume[d] jurisdiction over all issues relating to the custody, support and visitation of [D.R.], pursuant to [Indiana Code] 31-17-3-1, etc. seq." Subsequently, on January 10, 2006, appellees moved to dismiss appellant's complaint in the juvenile court, arguing that the Indiana court has jurisdiction over custody matters concerning D.R.
 {¶ 4} On October 9, 2006, a juvenile court magistrate held a hearing on appellees' motion to dismiss. Appellees were present for this hearing, but neither appellant, nor his counsel made an appearance. Following the hearing, the magistrate granted appellees' motion to dismiss, finding that the juvenile court lacks jurisdiction to rule on appellant's motion, pursuant to the Indiana court's decision assuming jurisdiction over D.R.'s custody. Appellant objected to the magistrate's decision, and the juvenile court overruled the objections and adopted the magistrate's decision. Appellant appeals the trial court's decision, raising four assignments of error. For the purpose of clarity, we discuss some of appellant's assignments of error together.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "IT IS ERROR FOR A MAGISTRATE IN JUVENILE COURT TO RULE ON MOTIONS WHEN THE NOTICE STATES `THE MATTER IS SET FOR REVIEW.'"
 {¶ 7} Assignment of Error No. 4:
 {¶ 8} "IT IS ERROR FOR THE TRIAL COURT TO NOT GRANT JOHN R.['S] OBJECTION TO THE DISMISSAL OF THE ACTION."
 {¶ 9} In his first assignment of error, appellant argues that the magistrate abused his *Page 3 
discretion in ruling on appellees' motion to dismiss after notice had been provided to the parties that the event on October 9, 2006 was to be a review hearing. Appellant maintains the juvenile court violated Civ. R. 41(B)(1) in dismissing his motion without proper notice that failure to appear for the hearing could result in dismissal of his motion for custody. In his fourth assignment of error, appellant argues the magistrate erred in denying his motion for failing to attend the hearing.
 {¶ 10} Civ. R. 41(B) governs the involuntary dismissal of actions, and Civ. R. 41(B)(1) provides, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ. R. 41(B)(1). Logsdon v. Nichols, 72 Ohio St.3d 124, 1995-Ohio-225.
 {¶ 11} The record indicates that the notice provided to appellant regarding the October 9, 2006 hearing was that it was to be a review hearing. Further, the notice stated, "[p]arties in this case shall appear in Court at said date and time. Failure of any party to appear may result in the issuance of a warrant for the party's arrest." The notice did not indicate that the case could potentially be dismissed as a result of this hearing. However, we find that appellant was afforded proper notification as to the potential for the case to be dismissed, as appellant had notice of the Indiana court's decision assuming jurisdiction over matters concerning D.R.'s custody, and had notice of appellees' subsequent motion to dismiss this case pursuant to the Indiana court's decision. See Garnett v. Nationwide Property Ins., Cuyahoga App. No. 88500, 2007-Ohio-2774.
 {¶ 12} Moreover, while the magistrate found in his decision that appellant failed to appear after having had notice by prior court entry and "denied" appellant's motion for custody, the magistrate did not dismiss the case for failure to prosecute pursuant to *Page 4 
Civ. R. 41(B)(1), nor did the court even address the merits of appellant's motion. Rather, the juvenile court dismissed the case without prejudice for lack of jurisdiction. Pursuant to Civ. R. 41(B)(4), a dismissal for lack of jurisdiction over the person or the subject matter "shall operate as a failure otherwise than on the merits."
 {¶ 13} Nevertheless, as discussed above, appellant had adequate notice of appellees' pending motion to dismiss the case for lack of jurisdiction. Appellant simply failed to provide evidence to refute appellees' motion to dismiss for lack of jurisdiction.
 {¶ 14} Accordingly, appellant's first and fourth assignments of error are overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE COURT COMMITTED ERROR WHEN IT OVERRULED JOHN R.['S] OBJECTION WHEN THE MAGISTRATE'S REPORT WAS FACIALLY DEFECTIVE AND THE DECISION WAS CONTRARY TO LAW."
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "IT IS ERROR FOR A TRIAL COURT TO FAIL TO FOLLOW O.R.C. SEC. 3127.01 ET SEQ. IN PROCEEDINGS INVOLVING CONFLICTING JURISDICTIONS AS TO CHILD CUSTODY MATTERS."
 {¶ 19} In his second and third assignments of error, appellant argues that the magistrate's decision is deficient because there are no specific findings of fact to support the magistrate's conclusion that the juvenile court does not have jurisdiction to rule on appellant's motion for custody of D. R., and that the magistrate failed to consider the statutory factors of R.C. 3127.21.
 {¶ 20} Initially, we note that in his objections to the magistrate's decision, appellant failed to raise any of these arguments asserted in support of his second and third assignments of error. Civ. R. 53(D)(3) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection" and that, "[e]xcept for a *Page 5 
claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Because appellant failed to specifically raise these objections before the juvenile court, and because appellant has not made a claim of plain error, appellant has not preserved these issues for review. See In reMapley, Mahoning App. No. 07 MA 36, 2008-Ohio-1180.
 {¶ 21} Moreover, according to the record, appellant failed to timely request findings of fact and conclusions of law, pursuant to Civ. R. 52. The failure to timely request findings of fact and conclusions of law waives the right to challenge the trial court's lack of an explicit finding with respect to an issue. See Pawlus v. Bartrug (1996),109 Ohio App.3d 796, 801. When a party fails to request findings of fact and conclusions of law under Civ. R. 52, a reviewing court presumes that the trial court considered all the factors and all other relevant facts. SeeRiley v. Riley, Washington App. No. 07CA16, 2008-Ohio-859.
 {¶ 22} The record indicates that D. R. has been in the legal custody of appellees since August 16, 2000, pursuant to the juvenile court's order filed on that date. Further, on December 8, 2005 the Indiana court assumed jurisdiction over issues relating to the custody, support, and visitation of D.R. The juvenile court found that based on the Indiana court's assumption of jurisdiction, and based on the Uniform Child Custody Jurisdiction and Enforcement Act, the juvenile court lacked jurisdiction to rule on appellant's motion for custody. Because appellant failed to request findings of fact and conclusions of law, we presume the magistrate properly considered all required statutory factors and all other relevant facts. Further, appellant has provided no evidence that the magistrate failed to properly consider these factors and relevant facts.
 {¶ 23} Accordingly, appellant's second and third assignments of error are overruled. *Page 6 
 {¶ 24} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1